# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **BAG OF HOLDINGS, LLC,** : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 14-6774** |
| : | |
| **COUNCILMAN KENYATTA JOHNSON,** : | |
| Defendant. : | |

## ORDER

    **AND NOW**, this _____ day of _____, _____, upon consideration of the Motion for Summary Judgment filed by Councilman Kenyatta Johnson, and any response thereto, it is hereby **ORDERED** that Defendant's Motion is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

                                                                                                            _____

                                                                                                             **Beetlestone, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BAG OF HOLDINGS, LLC, : | |
|                    Plaintiff, : | |
| : | Civil Action |
| v. : | No. 14-6774 |
| : | |
| COUNCILMAN KENYATTA JOHNSON, : | |
|                    Defendant. : | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Councilman Kenyatta Johnson, hereby files this Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Pursuant to Local Rule 7.1(c) Defendant incorporates by reference the attached Memorandum of Law as though fully set forth herein.

Date: November 30, 2015

Respectfully submitted,

/s/ John J. Coyle
John J. Coyle
Deputy City Solicitor
Pa. Attorney ID No. 312084
City of Philadelphia Law Department
Civil Rights Litigation Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5447 (phone)
215-683-5397 (fax)
john.coyle@phila.gov

Michael R. Miller
Assistant City Solicitor
Pa. Attorney ID No. 315759
City of Philadelphia Law Department
Civil Rights Litigation Unit

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BAG OF HOLDINGS, LLC,<br>       Plaintiff,<br><br>    v.<br><br>COUNCILMAN KENYATTA JOHNSON,<br>       Defendant. | :<br>:<br>:<br>:  **Civil Action**<br>:  **No. 14-6774**<br>:<br>:<br>: |

**Table of Contents**

Table of Contents ........................................................................................................................... 3
I. Introduction ........................................................................................................................ 4
II. Background ....................................................................................................................... 4
III. Statement of Facts ............................................................................................................. 5
IV. Legal Standard .................................................................................................................. 5
V. Argument .......................................................................................................................... 6
 A. Plaintiff's claim is barred by the doctrine of legislative immunity. .................................. 6
 B. Plaintiff lacks evidence sufficient to support his Equal Protection claim ......................... 8
  i. Plaintiff has not adduced any evidence of others who are similarly situated to him. ...... 9
  ii. Plaintiff cannot demonstrate that he was intentionally discriminated against ............... 10
 C. Plaintiff's claim is barred by the doctrine of Qualified Immunity ................................... 11
VI. Conclusion ...................................................................................................................... 12

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BAG OF HOLDINGS, LLC, : | |
| Plaintiff, : | |
| : | Civil Action |
| v. : | No. 14-6774 |
| : | |
| COUNCILMAN KENYATTA JOHNSON, : | |
| Defendant. : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Defendant, Councilman Kenyatta Johnson, hereby moves for summary judgment on all claims made by Plaintiff.

**I. Introduction**

Plaintiff, Bag of Holdings, LLC, brings this matter alleging that it suffered an equal protection class of one violation at the hands of Councilman Kenyatta Johnson. Plaintiff's lone remaining claim fails as a matter of law for the reasons described herein.

**II. Background**

Plaintiff initiated this action by filing a complaint in the Court of Common Pleas of Philadelphia County. It was subsequently removed to this Court by the defendants on November 25, 2014. (ECF No. 1.) Thereafter, Defendants, the City of Philadelphia and Councilman Johnson, moved to dismiss Plaintiff's complaint. (ECF No. 3.) In response, Plaintiff amended over, filing its Amended Complaint on December 30, 2014 against the City and Councilman Johnson, alleging: (1) a Procedural Due Process violation; (2) a Sherman Act violation; and (3) an Equal Protection violation. (ECF No. 4.) Once again, Defendants moved to dismiss. (ECF No. 7.) Subsequently, this case was transferred from the docket of the Honorable Thomas O'Neill to Your Honor. (ECF No. 8.) This Court granted Defendants motion in part, dismissing

all claims against the City of Philadelphia and Counts I and II against Councilman Johnson. (ECF No. 18.) Discovery having now been completed, the lone remaining defendant, Councilman Kenyatta Johnson, moves for summary judgement on Plaintiff's remaining Equal Protection claim.

### III.     Statement of Facts

Kenyatta Johnson incorporates by reference the attached Statement of Undisputed Facts.

### IV.     Legal Standard

The court shall render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A factual dispute is "material" only if it might affect the outcome of the suit under governing law. *See id.* All inferences must be drawn, and all doubts resolved in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985).

On motion for summary judgment, the moving party bears the initial burden of identifying these portions of the record that it believes demonstrate the absence of material fact disputes. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To defeat summary judgment, the non-moving party must respond with facts of record that contradict the facts identified by the moving party, and may not rest on mere denials. *See id.* at 321, n.3; *First Natl. Bank of Pa. v. Lincoln Natl. Life Ins. Co.*, 824 F.2d 277, 282 (3d Cir. 1987).

In a case where the non-moving party is the plaintiff and therefore bears the burden of proof, the non-moving party must, by affidavits or by the depositions and admissions on file, "make a showing sufficient to establish the existence of [every] element essential to that party's case." *Celotex*, 477 U.S. at 322-24.  The non-moving party must adduce more than a mere scintilla of evidence in its favor to defeat the moving party's summary judgment motion.  See *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460 (3d Cir. 1989).  Although all justifiable inferences must be drawn in favor of the non-moving party, the "moving party is entitled to summary judgment where no reasonable resolution of conflicting evidence and inferences therefrom could result in a judgment for the non-moving party." *Schwartz v. Hospital of Univ. of Pa.*, 1993 WL 153810 at *2 (E.D. Pa. May 7, 1993).  Furthermore, "[p]laintiff cannot "simply reassert factually unsupported allegations in its pleadings." *Poles v. St. Joseph's Univ.*, 1995 WL 542246 at *5 (E.D. Pa. Sept. 11, 1995) (citing *Celotex*, 477 U.S. at 325).  "Plaintiff must present affirmative evidence in order to defeat this properly supported motion for judgment." *Id.*

## V. Argument

### A. Plaintiff's claim is barred by the doctrine of legislative immunity.

The doctrine of legislative immunity bars Plaintiff's suit against Councilman Johnson.  Under this doctrine, a plaintiff cannot sue a legislator based on actions taken "within the sphere of legitimate, legislative activity." *Youngblood v. DeWeese*, 352 F.3d 836, 841 (3d Cir. 2004) (citations and quotations omitted); *see also id.* at 840 (noting that legislative immunity applies to municipal legislators).  In other words, legislators cannot face suit for "drafting, introducing, debating, passing or rejecting legislation," as well as for any other activities that represent "an integral part of the deliberative and communicative processes" of legislating.  *See Baraka v.*

*McGreevey*, 481 F.3d 187, 196 (3d Cir. 2007).  Moreover, "a defendant's ***intent and motive are immaterial*** to whether certain acts are entitled to legislative immunity."  *Id.* at 200 (emphasis added).  The doctrine was created to "protect[] against inquiry into legislators' motives," and courts should apply it "broadly to effectuate its purposes."  *Youngblood*, 352 F.3d at 842 (citations and quotations omitted).

Here, the Court should dismiss all Plaintiff's claims because they are based on actions taken "within the sphere of legitimate, legislative activity."  *Id.* at 841.  In his Amended Complaint, Plaintiff bases his lawsuit on general allegations that Councilman Johnson arranged for City owned properties to be sold to "political insiders."  Amended Compl. ¶¶ 15-27.  However, the Councilman's lone involvement with the sales process hinges on legislative activity, namely the requirement that any transfer of City land requires an act of City Council.

The Philadelphia Code and the City Home Rule Charter require legislation by City Council authorizing the sale of any City owned land.  *See* Ex. 9: Philadelphia Code §16-201, Appx. at 469; Ex. 10: Philadelphia Home Rule Charter §8-205; Appx. at 483.  As a result, Councilman Johnson's office becomes involved in the disposition of City owned properties to draft and introduce legislation permitting a sale and to ensure that any proposed project is in the best interest of constituents and will therefore be introduced and passed as legislation.  *See* Ex. 3: Dep. of Abernathy at 20:22-23:19, Appx. at 254-255; *see also* Ex. 1: Dep. of Johnson at 25:4-26:22, Appx. at 26-27.  This activity clearly falls within the sphere of legitimate legislative activity.

The sphere of legitimate legislative activity also includes all matters integral to the deliberative or communicative processes with respect to the consideration and passage or rejection of proposed legislation.  *Gravel v. United States*, 408 U.S. 606, 625 (1972).   Here, the

Councilman sets policy goals for the type of development he seeks in his District, instructs his staff to work with City agencies to ensure recommended legislation (sales) will create the type of development that meets those goals, and finally introduces (or refuses to introduce) legislation related to land sales.  *See* Ex. 1: Dep. of Johnson at 25:4- 26:22, Appx. at 26-27.  These activities are clearly integral to the processes by which legislation regarding proposed land sales is developed and considered.  No sale of land can occur without legislative activity, and activities by Councilpersons related to the proposed sale are inextricably intertwined with the legislative activity.  Therefore, legislative immunity bars this lawsuit.[1]

      *B.  Plaintiff lacks evidence sufficient to support his Equal Protection claim*

The Court should dismiss Plaintiff's equal protection claim for multiple reasons.  In order to prove a "class of one" equal protection claim, a litigant "must show that he was intentionally treated differently from others similarly situated and that there [was] no rational basis for the difference in treatment."  *Perano v. Twp. of Tilden*, 423 F. App'x 234, 238 (3d Cir. 2011).  Put differently, a plaintiff cannot survive summary judgment without identifying evidence by which a reasonable jury could conclude that "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment."  *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

---

[1] Certain cases indicate that a court should consider whether activities are substantively and procedurally legislative in determining the applicability of legislative immunity.  However, recent Third Circuit decisions have either abandoned this substance/procedure test, *see Youngblood*, 352 F.3d at 841 n.4, or limited its use to cases in which non-legislators are claiming immunity for their administrative actions, *see Baraka*, 481 F.3d at 199.  The substance/procedure test for legislative immunity is thus inapposite in this case.

    Additionally, Councilman Johnson enjoys immunity under this alternative test.  A legislator's actions are substantively legislative when they involve "policymaking" or "linedrawing," and they are procedurally legislative when they relate to "established legislative procedures."  *See id.* at 198.  All of the actions complained of by Plaintiff qualify as substantively and procedurally legislative, as described *supra*.

        i.        Plaintiff has not adduced any evidence of others who are similarly situated to him.

Plaintiff cannot prove the first element of *Hill's* three-prong test.  In order to show that Councilman Johnson "treated him differently *from others similarly situated*," *see id.* (emphasis added), Plaintiff must produce evidence which "make[s] plausible the existence of such similarly situated parties," and which shows that those parties "are like [the complainant] in *all* relevant aspects." *Perano*, 423 F. App'x at 238-39; *see Startzell v. City of Phila.,* 533 F.3d 183, 203 (3d Cir.2008) ("Persons are similarly situated under the Equal Protection Clause when they are alike in all relevant aspects.") (quotation marks and citation omitted).  Here, Plaintiff cannot possibly produce such evidence, because it never even took discovery regarding the projects, business practices, or strategies of any other developers who work in the Second Council District.

Title 16 of The Philadelphia Code outlines numerous relevant aspects of development activity germane to the City sales process, including permitting City agencies to consider factors such as economic development/job creation projects, community open space, community facilities, side and rear yards, availability of affordable housing in the area, and consistency with the Comprehensive Land Use Plan of the City of Philadelphia. *See e.g.* Ex. 19: Philadelphia Code §16-404(6); §16-406(2); §16-703; §16-707(1)(a)-(d); §16-708(2); 16-709(a)-(f); §16-801-803, Appx. at 523-552.  Additionally, City agencies will consider the financial and operational capabilities of applicants, their operational history, their past development practices within the City, and the type of planned development project. *See* Ex. 4: Dep. of Nikolic at 67:3-15, Appx. at 364; *See also* Ex. 7: City Land Sales Policy April 2012 at pp. 2-3, Appx. at 443-444; Ex. 8: City Land Sales Policy October 2014 at p. 9, Appx. at 460.

In this case, record evidence exists to show that Michael Pollock is the sole owner and employee of Bag of Holdings, LLC.  *See* Ex. 6: Dep. of Pollack 12:21-13:17, Appx. at 432.  Mr.

Pollock works full time in the video game industry. *Id.* at 5:3-7:18, Appx. at 430-431. Developing properties through Bag of Holdings is a part time job for Mr. Pollock, which he uses as a secondary form of income. *Id.* at 7:19-24, Appx. at 431. Bag of Holdings has averaged between $33,000 and $50,000 in gross revenue over the past three fiscal years. *Id.* at 14:24-15:11, Appx. at 433. Plaintiff has developed no competent evidence that any other developers are similarly situated to him in these or any other relevant aspects.

Plaintiff has adduced absolutely no evidence about the financial and operational capabilities of other "similarly situated developers." It has adduced no evidence about whether other developers are part time or full time. It has adduced no evidence about the past development practices of these "similarly situated developers." It has failed to even develop any evidence related to the type of developments these similarly situated companies planned, let alone details comparing job creation projects, community facilities, or the availability of affordable housing. Plaintiff has completed failed to demonstrate that there exist other developers which are similarly situated to him in all relevant aspects.

Therefore, Plaintiff cannot show that it received different treatment than "others similarly situated," and the Court should dismiss his claim. *See Mosca v. Cole*, 217 F. App'x 158, 164 (3d Cir. 2007) (affirming summary judgment based on a plaintiff's failure to "identify a similarly situated individual who was treated differently").

        ii.      Plaintiff cannot demonstrate that he was intentionally discriminated against

Plaintiff fails to meet the second prong of an equal protection claim because no reasonable jury could conclude that Councilman Johnson intentionally treated Bag of Holdings differently than other developers. *See Hill*, 455 F.3d at 239. Simple logic demonstrates that in order to *intentionally* treat a plaintiff differently, a defendant must know that the plaintiff exists.

Here, however, Plaintiff has produced no evidence that Councilman Johnson knew of its existence before the commencement of this lawsuit. In fact, the Councilman testified that to first time he had ever heard the name "Bag of Holdings" was when he read in the newspaper that he was being sued. *See* Ex. 1: Dep. of Johnson at 84:23- 85:2, Appx. at 85-86. Councilman Johnson testified that he had never even met Michael Pollock, the principal and sole employee of Bag of Holdings. *Id.* at 85:4-5, Appx. at 86. Michael Pollock essentially confirmed that he did not know the Councilman, testifying that they may have met once at a large street fair on South Street. *See* Ex. 6: Dep. of Pollack at 15:15- 16:12, Appx. at 433. Therefore, a reasonable jury could not find that Councilman Johnson knew what Bag of Holdings was, and certainly could not conclude that he intentionally discriminated against it. *See Phillips ex rel. Estate of Phillips v. Nw. Reg'l Commc'ns*, 391 F. App'x 160, 168 (3d Cir. 2010) (affirming summary judgment on an equal protection claim because a jury could not reasonably infer that the defendant *intentionally* singled out the plaintiff for differential treatment).

Assuming *arguendo*, a reasonable jury could find that Councilman Johnson knew of Bag of Holdings existence, Plaintiff still fails as a matter of law. Plaintiff has not developed any evidence that it was subjected to individualized adverse treatment. *See Sierra Nevada v. Douglas Cty.*, 506 Fed.Appx. 663, 666 (9th Cir. 2013) (A plaintiff fails to show a class of one equal protection claim when he demonstrates that another was subject to individualized *preferential* treatment, rather Plaintiff must show he was subjected to individualized *adverse* treatment.). In the instant matter, Plaintiff has not adduced any evidence that others received preferential treatment, let alone that it was subject to individualized adverse treatment. Therefore, Plaintiff's claim fails as a matter of law.

C. *Plaintiff's claim is barred by the doctrine of Qualified Immunity*

Even if the Court finds that Plaintiff has produced enough evidence to survive summary judgment based on the arguments above, it should nonetheless find that qualified immunity bars such claims.  Qualified immunity shields state actors from liability unless it is "beyond debate" that the federal right they allegedly violated was "clearly established at the time of the challenged conduct."  *See George v. Rehiel*, 738 F.3d 562, 572 (3d Cir. 2013) (internal quotations omitted).  A right only qualifies as clearly established if its "contours . . . are sufficiently clear that *every* reasonable official would have understood that what he is doing violates that right."  *See Ashcroft v. Al-Kidd*, 131 S. Ct. 2074, 2078 (2011) (citations and quotations omitted) (emphasis added).  "The dispositive question is whether the violative nature of the *particular* conduct is clearly established."  *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (citing *Al-Kidd*, *supra*.).  The inquiry must be based on the specific factual context of the case and not as a broad general proposition.  *Id.*  In this matter, it is unclear what specific actions of Councilman Johnson are alleged to have caused the constitutional violation.[2]  Whether the complained of actions are the introduction of legislation to sell real estate to campaign contributors or the interaction with City agencies to ensure any proposed land sales in the Second District comply with Councilman Johnson's policy goals, Defendant is unaware of any case law which would put a reasonable official on notice that these activities are violating a constitutional right.  Therefore, qualified immunity bars Plaintiff from proceeding to trial.

VI.   **Conclusion**

---

[2] Plaintiff has failed to adduce any evidence of actions personally taken by Councilman Johnson which violate his constitutional rights, and therefore his claim must fail. *See Evancho v. Fisher*, 423 F.3d 347, 353-54 (3d Cir. 2005) (A § 1983 lawsuit cannot proceed against a state actor in his individual capacity unless Plaintiff alleges that the defendant personally violated the plaintiff's rights.); *see also Rode v. Dellarciprete*, 845 F.2d 1195 (3rd Cir. 1988) (A defendant in a civil rights action must have had personal involvement in committing the alleged violation.).

Wherefore, for the reasons set herein, Councilman Kenyatta Johnson respectfully requests this Court enter summary judgment in his favor.

Date: November 30, 2015                           Respectfully submitted,

/s/ John J. Coyle
John J. Coyle
Deputy City Solicitor

Michael R. Miller
Assistant City Solicitor
Civil Rights Litigation Unit
City of Philadelphia Law Department

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BAG OF HOLDINGS, LLC,** : | |
|       **Plaintiff,** : | |
| : | **Civil Action** |
| v. : | **No. 14-6774** |
| : | |
| **COUNCILMAN KENYATTA JOHNSON,** : | |
|       **Defendant.** : | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on the date below, the Defendant's Motion for Summary Judgment was filed via the Court's electronic filing system and is available for downloading.

Date:  November 30, 2015

Respectfully submitted,

<u>/s/ John J. Coyle</u>
John J. Coyle
Deputy City Solicitor
Pa. Attorney ID No. 312084
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5447 (phone)
215-683-5397 (fax)
john.coyle@phila.gov